PAUL B. BRICKFIELD *†
pbrickfield@brickdonlaw.com

JOSEPH R. DONAHUE*
jdonahue@brickdonlaw.com

of counsel
NANCY J. SCAPPATICCI
nscappaticci@brickdonlaw.com

SANDRA COIRA
scoira@brickdonlaw.com

*CERTIFIED CRIMINAL TRIAL LAWYER - NEW JERSEY
† MEMBER OF NEW YORK BAR



BRICKFIELD & DONAHUE
ATTORNEYS

70 GRAND AVENUE
RIVER EDGE, NEW JERSEY 07661
TELEPHONE (201) 488-7707
FACSIMILE (201) 488-9559
www.brickdonlaw.com

NEW YORK OFFICE
PAUL B. BRICKFIELD P.C.
219 WESTCHESTER AVENUE
SUITE 200
PORT CHESTER, N.Y. 10573
(914) 935-9705

October 29, 2018

**Via ECF and Regular Mail**
Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

  Re: United States v. Karthik Nimmala
     Case No.: 2:17-CR-00204-MCA

Dear Judge Arleo:

I represent Karthik Nimmala in his Motion for Early Termination of Probation. For the reasons set forth herein, it is requested that this motion be granted.

## STATEMENT OF FACTS

On October 20, 2017, Your Honor sentenced Mr. Nimmala to a period of two years probation. Mr. Nimmala has now been on probation for one year and has not committed any additional offenses. He has completed all conditions imposed by the Court and/or United States Probation and has not been charged with any violations of probation.

Mr. Nimmala is the father of two young children, aged one year and nine months and four months old. He and his wife reside in Georgia where he works in

1

the computer field and his wife is a stay-at-home mom. His wife and children are United States citizens.

As set forth in his Certification, Mr. Nimmala is requesting early termination of probation as he is concerned that his probation status may result in the loss of his new job at Primerica where he works as an application developer. Mr. Nimmala was terminated from a previous position after his employer was advised by United States Probation of his conviction and probation status.

In addition, Mr. Nimmala is not a United States citizen and his immigration lawyer has advised that his successful completion and termination of probation may be a favorable factor to gain approval for his green card.

## LEGAL ARGUMENT

Title 18, United States Code, Section 3564(c) provides that this Court, after considering the factors set forth in Section 3553(a), may terminate a term of probation at any time after the expiration of one year of probation if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice. In making this determination, the statute directs courts to consider many of the same factors that were previously considered in imposing the initial sentence including: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, 18 U.S.C. §§ 3553(a)(2)(B) and (C); the need for the sentence imposed to provide the defendant with needed educational or

Case 2:17-cr-00204-MCA Document 31-1 Filed 10/29/18 Page 3 of 4 PageID: 87

vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D); the sentencing range applicable to the defendant under the advisory Sentencing Guidelines along with any pertinent policy statement by the United States Sentencing Commission, 18 U.S.C. §§ 3553(a)(4) and (5); the need to avoid unwarranted sentence disparities among similarly situated defendants, 18 U.S.C. § 3553(a)(6); and the need to provide restitution to any victims, 18 U.S.C. § 3553(a)(7). United States v. Corpuz, 2013 WL 6622916 (W.D. Pa. 2013).

However, 18 U.S.C. § 3564(b)(c) does not provide for early termination solely based on defendant's compliance with the terms of probation. Rather, the Third Circuit has instructed that "early termination of supervised release ... should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." Id. at *2 (quoting United States v. Laine, 404 Fed. Appx. 571, 573–74 (3d Cir. 2010)). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional...." Laine, 404 Fed, Appx. at 574. See also, e.g., United States v. Guilliatt, 2005 WL 589354, at *1 (E.D. Pa. Jan.18, 2005) ("early termination of probation should be ordered only in extraordinary circumstances"); United States v. Williams, 2006 WL 618849, at *1 (E.D. Pa.2006); United States v. Caruso, 241 F.Supp.2d 466, 468-69 (D.N.J. 2003) (requiring a showing of "new or exceptional" circumstances warranting termination of probation)).

3

I submit that the Court should grant this motion in the interest of justice. As set forth in his Certification and this letter brief, Mr. Nimmala has now completed one year on probation. He has not committed any offenses or violated any terms of probation. He has a young family to support and has recently found good employment near his home to support his family. In addition, Mr. Nimmala is trying to obtain permanent legal status in the United States and early termination of probation may assist in that process.

It is submitted that Mr. Nimmala has not only fully complied with all of the conditions of his probation, but has taken exceptional steps to better his life and that of his family and to ensure that he remains a productive member of society.

## CONCLUSION

Accordingly, it is respectfully requested that this motion be granted.

Respectfully submitted,

Paul B. Brickfield

cc: United States Attorney's Office (via ECF and regular mail)
Probation Officer Christopher Washington (via electronic and regular mail)
United States Probation, District of New Jersey (via regular mail only)